## EDWARD BREHEN v. EDWARD O'DONNELL.

1. Upon demurrer, judgment will be given against the party whose pleading is first defective in substance.

2. A special plea to the whole declaration, which includes a special count and common counts, is bad.

3. Where a contract for purchase and sale is without stipulation for time of payment, such payment is due immediately, and the purchaser has not all the time given for the removal of the article purchased to make payment, nor can he make such payment proportionally as the thing sold is received in parcels, but the seller may sue upon his independent contract for payment.

On demurrer to replication.

This action was brought by the plaintiff against the defendant, to recover the sum of $325, balance of $600, still unpaid, which it is claimed the defendant agreed on the 1st of January, 1869, to pay the plaintiff for the right to excavate and carry away the sand then lying and being on two certain lots of land, the property of the plaintiff, in the city of Hudson, within one year then next, under which agreement, it is said, the defendant did excavate and carry away the said sand from the lots, and has paid part of the purchase money, to wit, $275, leaving the balance unpaid.

The declaration contains a special count, setting forth these facts, and the common counts. The defendant pleaded the general issue, and a special plea to the whole declaration, admitting the agreement, but charging that the plaintiff, on May 27th, 1869, within the time given for the removal of the sand, sold and conveyed the two lots of land to other parties, and that the purchasers, after said conveyance, forbade the defendant to excavate and remove the sand, and that he, the defendant, has paid the plaintiff for all the sand he has removed from said lots.

The plaintiff joined issue on the first plea, and in replication to the second or special plea, denied that the purchasers of the lot forbade or prevented the defendant from removing

the sand, and that the defendant has paid for all the sand excavated and carried away by him; and further replied, that although he did convey said lots to said purchasers, yet it was with notice and reservation of the defendant's right to take said sand under the aforesaid agreement, and if the purchasers did forbid the defendant from taking the sand, it was without right, and the defendant was not necessarily prevented from taking it. To this last count of the replication the defendant demurred, and the plaintiff joined in demurrer.

For plaintiff, *J. Dixon, Jr.*

For defendant, *Lippincott.*

The opinion of the court was delivered by

SCUDDER, J. Upon demurrer in this form it is the well-settled rule that judgment will be given against the party whose pleading is first defective in substance. 1 *Chitty's Pl.* 668.

Upon the record before the court, it appears to me clear that the first fault is in the special plea of the defendant, which is defective both in substance and in form.

And first as to the form of the plea. It answers, in particulars, the special matter in the first count, but is framed in denial of the whole declaration, which includes the common counts also. Such pleading is bad. 1 *Chitty's Pl.* 524; *Conover* v. *Tindall, Spencer* 513. The matters contained in the special plea are no answer to the common counts.

But the plea is also defective in substance. The contract declared on is without stipulation of time for the payment of the money. It was, therefore, without credit, and due immediately. The plaintiff's right of action was complete as soon as the agreement was made. The idea of the defendant, expressed in his plea, appears to be that as one year in time was given for the removal of the sand, therefore he had all of that time to pay the purchase money—$600—and that if he paid, as he alleges he did, as fast as the sand was taken from the

lots, he did all that his agreement required, and that if the plaintiff sold the lots before the expiration of the year, and he was thereby hindered in excavating and removing the sand, the contract was broken, and he was discharged from further payment. His difficulty, however, is, that there are no such terms in the agreement, and the law will not imply them. There is no statement of any conditions upon which the payment shall be made, or provision for a delivery of the article sold, nor time or method of payment. The delivery and payment are not to be concurrent, nor is the delivery in whole or in part to precede the payment. There are, therefore, no mutual stipulations or agreements dependent on each other for performance. They are wholly independent; and although relating to the same subject and made by the same parties, and included in the same contract, they are two separate contracts  Each party must perform what he has undertaken, without reference to the discharge of his obligation by the other party; and each party has his action against the other for the non-performance of his agreement, whether he has performed his own or not. 2 *Parsons on Con.* 40, 41, *and note*; *Story on Sales* 403, 300, 416 ; *Addison on Con.* 865, 866 ; *Hilliard on Sales* 113, 177 ; *Pordage* v. *Cole,* 1 *Saund.* 319, *and notes.*

This conclusion makes it unnecessary to consider whether the replication of the plaintiff is bad or not, for in either case the demurrer must be decided upon the validity or invalidity of the former pleading.

Judgment must be entered for the plaintiff.

Cited *in Salt Lake Nat. Bank* v. *Hendrickson,* 11 *Vr.* 56.